IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV126-01-MU

| | |
|---|---|
| RANDY BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| DR. McCLUER, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court for initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed on November 20, 2007.

In his Complaint Plaintiff alleges that he has undergone three surgeries to remove his fistula. Plaintiff alleges that as a result of these surgeries he is required to wear Depends due to his lack of bowel and bladder control. Plaintiff sues his surgeon, the prison doctor, a prison nurse, a prison guard, and the Superintendent. More specifically, Plaintiff alleges the Superintendent advised him to have the surgery. Plaintiff also alleges that the prison nurse and prison guard informed him that they hoped the surgeon would make a mistake and that Plaintiff would have to wear Depends as a result of the surgery. Plaintiff's only allegation against the prison doctor is that he provided him with the Depends. Plaintiff's claim against the surgeon appears to rest on his belief that the surgeon made a mistake during the surgeries.

On September 11, 2007, Plaintiff filed a Complaint setting forth a claim based upon his surgeries to remove his fistula. (5:076CV100). On September 17, 2007, this Court dismissed

Plaintiff's Complaint for failure to state a claim. The principle of res judicata operates to bar further claims by parties or their privies based on the same cause of action that has been previously adjudicated on the merits. See Young-Henderson v. Spartanburg Area Mental Health Ctr., 945 F.2d 770, 773 (4th Cir. 1991). The principle of res judicata applies even when additional parties are added to the subsequent lawsuit, as long as the law suit arises out of the same set of operative facts as the first lawsuit. See Nevada v. United States, 463 U.S. 110, 130-31 (1983). Res judicata bars the litigation of all claims or defenses that were available to the parties in the previous litigation, regardless of whether they were asserted or determined in the prior proceeding. See Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991). Because this Court has already adjudicated this cause of action on the merits, Plaintiff is barred by res judicata from raising claims relating to his surgery. Consequently, Plaintiff's Complaint is dismissed on that basis.

Moreover, even if Plaintiff's Complaint were not barred by res judicata, his Complaint fails to state a claim. To establish an Eighth Amendment violation based on inadequate medical care, an inmate must show that defendants acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference is demonstrated by either an actual intent to cause harm, or reckless disregard of substantial risk of harm that is either known to the defendant or would be apparent to a reasonable person in defendant's position. Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990). In either case, however, the indifference must be substantial: inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. See Daniels v. Williams, 474 U.S. 327 (1986).

Plaintiff provides this Court with no basis whatsoever for concluding that any of the

Defendants were deliberately indifferent to his serious medical needs. Thus, based upon the facts submitted by Plaintiff himself, this Court concludes that, at most, Plaintiff was the recipient of negligent medical care. Mere malpractice or negligence in diagnosis or treatment does not state constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

Signed: December 4, 2007

Graham C. Mullen
United States District Judge